IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

EDRICK J. DUNN,                              §
Institutional ID No. 1896519                 §
SID No. 06453591                             §
                                             §
                Plaintiff,                   §
                                             §
v.                                           §      CIVIL ACTION NO. 5:22-CV-190-M-BQ
                                             §
BARBARA SUCSY, *et al.*,                     §
                                             §
                Defendants.                  §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE[1]

Pro se Plaintiff Edrick J. Dunn alleges that Defendant Barbara Sucsy, former Lubbock

County District Court Clerk, conspired with Jim Bob Darnell, former judge for the 140th District

Court in Lubbock County (not named as a defendant herein), to ensure Dunn did not receive notice

of a court order.  Compl. 4, ECF No. 1.[2]  While in the preliminary screening stage and prior to

Sucsy being served with process, Dunn filed a motion for summary judgment, asserting that there

is no genuine issue of material fact as to his 42 U.S.C. § 1985(3) conspiracy claim.  Mot. for Summ.

J. 6–8, ECF No. 7 [hereinafter Mot.].  Dunn's Motion is not only premature, but he has failed to

establish that no genuine issue of material fact exists.  The undersigned therefore recommends that

the United States District Judge **DENY** Dunn's Motion for Summary Judgment.

---

[1] In accordance with *Special Order 3-251* and 28 U.S.C. § 636(b), this case was automatically referred to the undersigned United States Magistrate Judge for pretrial management. *See* ECF No. 4.

[2] Page citations to Dunn's pleadings refer to the electronic page number assigned by the Court's electronic filing system.

## I.    Dunn's Allegations and Procedural History

Dunn alleges that "at a[n] unknown time between May 22nd, 2017 and May 28th, 2017," Sucsy and Darnell conspired together and failed to send him a court order, in violation of § 1985(3). Compl. 1, 4. Dunn also contends that Sucsy obstructed justice and denied him access to the courts, but he does not appear to assert standalone civil-rights claims for these alleged unlawful actions. *Id.* at 5; *see id.* at 1, 3 (specifying that Sucsy "conspired" in violation of § 1985(3)); ECF No. 8, at 1 (confirming that his suit against Sucsy is "being brought under 42 U.S.C. § 1985(3) not 42 U.S.C. § 1983 as the sheet reflects").[3]

The Court is in the process of screening this case under 28 U.S.C. §§ 1915 and 1915A. *See* ECF No. 6. Thus, Defendant Sucsy has not been served with process or appeared in this action. Although Sucsy has not answered Dunn's claim, Dunn now moves for summary judgment.[4] Mot. 6, 8.

## II.    Summary Judgment Standard

Where the pleadings and evidence show that no genuine issue of material fact exists, the moving party is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material." *Id.*

---

[3] After filing his Motion for Summary Judgment, Dunn filed a Motion to Amend his Complaint (ECF No. 9), which the Court has granted of even date herewith. ECF No. 10. Dunn's Amended Complaint raises similar allegations, but Dunn does not specify that he is asserting his conspiracy claim under § 1985(3). Am. Compl. 1–4, ECF No. 9. Although Dunn's Motion may be mooted by his subsequent amendment, the substance of Dunn's amended allegations are the same and would not alter the undersigned's recommendation herein—i.e., that summary judgment is both premature and inappropriate at this stage of the case.

[4] Dunn filed his Motion not only in this case, but also in several others. *See* Mot. 1 (listing three other cause numbers, including a habeas action that was resolved in September 2020).

The movant "bears the initial responsibility of informing the district court of the basis for [his] motion, and identifying those portions of [the record] . . . [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant will have the burden of proof on a claim or defense at trial, he "must establish 'beyond peradventure all of the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). "The court has noted that the 'beyond peradventure' standard is 'heavy.'" *Carolina Cas. Ins. Co. v. Sowell*, 603 F. Supp. 2d 914, 923–24 (N.D. Tex. 2009) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-CV-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007)).

In considering a summary judgment motion, courts must view all facts and inferences in the light most favorable to the non-moving party and resolve any disputed material facts in that party's favor. *Anderson*, 477 U.S. at 255; *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Where, as here, a plaintiff files a motion for summary judgment, he essentially "takes the position that he is entitled to prevail as a matter of law because the opponent has no valid . . . defense to the action." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2711 (4th ed. Apr. 2022 Update).

### III.    Discussion

#### A. Dunn's Motion

Dunn contends that Sucsy, the Lubbock County District Court Clerk at the time of the alleged events, conspired with Judge Jim Bob Darnell, who Dunn names as a defendant in case number 5:22-cv-191-H, to violate his constitutional rights. *See* Mot. 1–4. As to Sucsy's specific conduct, Dunn maintains that she failed to send him a copy of a state court order entered May 25, 2017, "to assist" Judge Darnell. Mot. 6; Compl. 4. Dunn apparently believes that Sucsy and

Darnell's actions impacted his ability to successfully challenge his state criminal conviction through a habeas petition, first in the state court and then in this Court in case number 5:17-cv-187-C.  Mot. 5–6.  In support, Dunn "cites Exhibit A–L" attached to the Fed. R. Civ. P. 60(b) motion filed in case number 5:17-cv-187-C (ECF Nos. 36, 37).  *Id.* at 7.  He also refers the Court to the "Official Records" in underlying state criminal cases.  *Id.*  Other than his verified Complaint, however, Dunn does not set forth factual information concerning the purported conspiracy between Sucsy and Judge Darnell.  *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) (per curiam) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

### B. Analysis

At the outset, the Court observes that Dunn filed his Motion less than one month after initiating this suit.  The Court is in the process of screening Dunn's claims, as statutorily required under §§ 1915 and 1915A, and as a result, Sucsy has not been served or otherwise answered, nor have the parties engaged in discovery.  *See* ECF No. 6, at 2 ¶¶ 4, 6 (directing service of process withheld pending judicial screening and staying discovery "until an answer is filed or until further order").  In addition, Dunn does not indicate that he provided notice of the Motion to Sucsy.  *See* Mot. 9.

The Fifth Circuit has explained that "[s]ummary judgment assumes some discovery" (*Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002)), and such motions should not "ordinarily be granted before discovery has been completed."  *Ala. Farm Bureau Mut. Cas. Co., Inc. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979); *see F.D.I.C. v. Shrader & York*, 991 F.2d 216, 220 (5th Cir. 1993) ("Summary judgment is appropriate if, *after discovery*, there is no genuine dispute over any material fact.").  As a result, courts have denied as premature summary judgment motions filed before the parties have had adequate opportunity to conduct

discovery. *See, e.g.*, *Brown*, 311 F.3d at 333–34 (holding district court abused its discretion by declining to rule on plaintiff's request for discovery but then "grant[ing] summary judgment on the grounds that there was insufficient evidence of [defendant's] involvement in a conspiracy, precisely the type of evidence sought by [plaintiff]"); *Cree v. Braco*, No. 2:21-CV-00208, 2022 WL 1379512, at *1 (S.D. Tex. Apr. 6, 2022) (recommending the district judge deny without prejudice as premature plaintiff's summary judgment motion, where defendant had not yet answered and no discovery had taken place), *R. & R. adopted sub nom. Cree v. Collier*, 2022 WL 1321043 (S.D. Tex. May 3, 2022); *Whitfield v. Miss. Bureau of Narcotics*, No. 3:17cv987-HSO-JCG, 2019 WL 6534144, at *4 (S.D. Miss. Dec. 4, 2019) ("Because neither party has had adequate time to complete discovery, [p]laintiff's [m]otion for [s]ummary [j]udgment should be denied without prejudice as premature."); *George v. Go Frac, LLC*, No. SA-15-CV-943-XR, 2016 WL 94146, at *3 (W.D. Tex. Jan. 7, 2016) ("Granting summary judgment not just before discovery has been completed, but before it has even begun on this issue, would be premature.").

More fundamentally, courts have denied plaintiffs' summary judgment motions where they were filed before the defendant answered or while the court was in the process of conducting preliminary screening under § 1915. *See, e.g.*, *Johnson v. Gutierrez*, No. 9:21-cv-46, 2021 WL 6693938, at *1 (E.D. Tex. Dec. 16, 2021) (concluding plaintiff's motion for summary judgment was premature, where plaintiff filed it before defendants had been served with process and answered), *R. & R. adopted sub nom. Rayford v. Gutierrez*, 2022 WL 233194 (E.D. Tex. Jan. 25, 2022); *Williams v. Taylor Cnty. Jail*, No. 1:20-CV-00266-BU, 2021 WL 3434992, at *1 (N.D. Tex. July 1, 2021) (recommending denial of plaintiff's summary judgment motion where judicial screening remained pending, summons had not yet issued, and defendants had not answered), *R. & R. adopted by* 2021 WL 3421416 (N.D. Tex. Aug. 5, 2021); *Watkins v. Monroe*, No. 6:18cv347, 2019 WL 1869864, at *1 (E.D. Tex. Mar. 27, 2019) ("Federal courts are permitted to dismiss a

motion for summary judgment without prejudice if it is filed before any party answers."), *R. & R. adopted by* 2019 WL 1858100 (E.D. Tex. Apr. 25, 2019); *Mack v. Doe*, No. 3:08-CV-0343-N, 2008 WL 2097169, at *1 (N.D. Tex. May 16, 2008) (explaining that a motion for summary judgment "is premature in a case subjected to preliminary screening").

Because (1) Sucsy has not yet been served or answered Dunn's claims, (2) the parties have not conducted any discovery, and (3) the Court is in the process of screening this case, Dunn's Motion is not only premature but inappropriate. The undersigned therefore recommends denial of Dunn's Motion.

## IV.   Recommendation

For these reasons, the undersigned **RECOMMENDS** that the United States District Judge deny without prejudice Dunn's Motion for Summary Judgment. ECF No. 7.

## V.   Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: November ____, 2022.


D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE