IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| EDRICK J. DUNN,<br>Institutional ID No. 1896519<br>SID No. 06453591<br><br>　　　　Plaintiff,<br><br>v.<br><br>BARBARA SUCSY,<br><br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 5:22-CV-190-M-BQ<br>§<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Proceeding pro se and *in forma pauperis*, Plaintiff Edrick J. Dunn filed this 42 U.S.C. § 1985 action complaining of an alleged conspiracy. ECF Nos. 1, 11, 22. In accordance with *Special Order 3-251* and 28 U.S.C. § 636(b), the United States District Judge automatically referred this case to the undersigned United States Magistrate Judge for pretrial management. *See* ECF No. 4. The undersigned thereafter reviewed Dunn's Amended Complaint, and ordered Dunn to complete a questionnaire pursuant to *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976). ECF No. 14. Dunn completed and returned the questionnaire. ECF Nos. 22, 23.

In accordance with the order of referral, the undersigned makes the following findings and conclusions and recommends that the district judge dismiss all of Dunn's claims with prejudice pursuant to 28 U.S.C. §§ 1915 and 1915A.

### I.　Procedural History and Show Cause Order

On December 7, 2022, the Court ordered Dunn to complete and return a questionnaire to further develop the factual basis for his claims. ECF No. 14. When Dunn did not respond, the

Court entered a second order directing him to complete the questionnaire. ECF No. 15 (giving Dunn until Feb. 21, 2023, to return the questionnaire).

Dunn failed to comply, so the undersigned entered findings and conclusions and recommended that the district judge dismiss this action for failure to prosecute under FED. R. CIV. P. 41. ECF No. 16. Within the fourteen-day objection period, however, Dunn filed a notice of change of address, manifesting an intent to pursue his claims. ECF No. 17. The undersigned therefore withdrew the recommendation for dismissal, directed the Clerk to mail Dunn a copy of the questionnaire to his new address, and provided Dunn thirty days in which to complete the questionnaire—i.e., by May 5, 2023. ECF No. 18.

Dunn again failed to comply and respond to the questionnaire. So on August 31, the Court entered an order directing Dunn to (1) complete the questionnaire, and (2) show cause in writing and explain why the Court should not dismiss the case for failure to timely respond to the questionnaire. ECF No. 19. In response, Dunn filed questionnaire answers (ECF Nos. 22, 23), along with a purported explanation for his non-compliance. ECF No. 21.

Dunn states that on April 28, he mailed a "Notice of Change of Address/Voluntary Dismissal," but the Court did not receive it.[1] *Id.* at 1. He further explains that he has been transferred to several different units within the Texas Department of Criminal Justice in "the last year" but despite this, "has done his best to exercise diligence in communicating and complying with the courts." *Id.* at 2. The undersigned finds that under these circumstances Dunn has shown sufficient cause for his untimely response, and because Dunn returned the Court's questionnaire, dismissal under Rule 41(b) is not appropriate.

---

[1] Dunn has apparently changed his mind regarding his voluntary dismissal of this action, as he asks the Court to permit him to proceed. ECF No. 21, at 4.

2

## II. Standard of Review

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005) (per curiam). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotation marks omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing

complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

### III. Discussion

#### A. Dunn's Allegations and Background

Dunn names a single Defendant in this action: Barbara Sucsy, former Lubbock County District Court Clerk. Am. Compl. 1, 3, ECF No. 11; Questionnaire 1, ECF No. 22.[2] Dunn sues Sucsy in her individual and official capacities. Am. Compl. 1.

Dunn states that on April 26, 2017, the Texas Court of Criminal Appeals (TCCA) issued an order, which "did go to Sucsy" before Jim Bob Darnell, former judge for the 140th District Court in Lubbock County, received it. Am. Compl. 4; *see* Questionnaire 2. On May 25, 2017, Sucsy apparently "entered [a] 'Denial' order, on record, but neglected her duty to send [Dunn] the order as required by Tex. R. Civ. P. 182." Am. Compl. 4 (cleaned up).

In Dunn's view, Sucsy conspired with Judge Darnell when she failed to send him a copy of a court order, in violation of § 1985(3). *Id.*; Questionnaire 1–2. Although Dunn faults Sucsy for his alleged non-receipt of the order, he concedes that the error may be attributable to another Lubbock County clerk. Questionnaire 2. Dunn also contends that Sucsy obstructed justice and denied him access to the courts.[3] Am. Compl. 4; Questionnaire 4–5.

Dunn contends that as a result of Sucsy's unlawful action, his "state habeas petition was adjudicated unlawfully and [he] was prevented from obtaining relief resulting [in] unlawful

---

[2] Unless otherwise noted, citations to Dunn's questionnaire responses are to the first questionnaire (ECF No. 22), filed September 26, 2023.

[3] Dunn does not specify whether he intends to raise these claims under § 1983 or § 1985. *See* Questionnaire 4–5; Am. Compl. 4.

detention." Questionnaire 4. Dunn seeks monetary damages and injunctive relief.[4] Am. Compl. 4; Questionnaire 6.

In his questionnaire responses, Dunn clarifies that his complaint relates to state cause number "2011-432, 529-B, and No. WR-83,930-02." Questionnaire 2. Public records on the Texas courts' website reveal that Dunn filed a motion to recuse Judge Darnell from habeas review of Dunn's conviction.[5] Because Judge Darnell "denied the motion without referring it to the regional presiding judge as required," the TCCA remanded the case to Judge Darnell with instructions to refer Dunn's motion to recuse to the regional presiding judge.[6] The TCCA instructed that a "supplemental transcript containing all orders of the regional presiding judge . . . shall be forwarded to [the TCCA] within 60 days."[7] About three weeks later, on May 16, 2017, the trial court supplemented the record,[8] and on June 14, the TCCA denied Dunn's habeas application without written order.[9]

While his habeas application was still pending in the TCCA, Dunn also "filed a petition for writ of mandamus and a notice of appeal in [the Seventh Court of Appeals] complaining that the trial court should not have denied his motion to recuse, but should have, instead, referred the motion to the regional presiding judge." *Dunn v. State*, No. 07–17–00132–CR, 2017 WL 2333795,

---

[4] The Court understands Dunn as seeking injunctive relief in the form of consolidation of this case with two other civil actions—cause numbers 5:22-CV-178-H and 5:22-CV-191-H. *See* Questionnaire 6 (arguing that if the "actions before the court involve a common question of law or fact the court may join for hearing or trial"). This relief should be denied because (1) the other cases have been dismissed, and (2) Dunn himself has insisted that he is asserting claims under different legal theories. *See* ECF No. 8; *Dunn v. Smith*, 5:22-CV-178-H, ECF No. 18 (N.D. Tex. Feb. 13, 2023); *Dunn v. Darnell*, 5:22-CV-191-H, ECF No. 12 (N.D. Tex. Feb. 13, 2022).

[5] *Court of Criminal Appeals*, https://search.txcourts.gov/Case.aspx?cn=WR-83,930-02&coa=coscca (order dated Apr. 26, 2017).

[6] *Id.*

[7] *Id.*

[8] The regional presiding judge apparently denied Dunn's motion to recuse. *Dunn v. Director, TDCJ-CID*, No. 5:17-CV-187-C, ECF No. 31, at 2 (N.D. Tex. Sept. 14, 2020).

[9] *Id.* (entries dated May 16 and June 14, 2017).

at *1 (Tex. App.—Amarillo, no pet.) (mem. op., not designated for publication). On May 24, 2017, the court of appeals dismissed the writ for want of jurisdiction, noting that the TCCA had already remanded the motion to recuse for referral to the regional presiding judge. *Id.* at *1–2. Based on the date alleged (May 25, 2017), Dunn appears to contend that Sucsy failed to send him a copy of the court of appeals' dismissal order. *See* Am. Compl. 4; Questionnaire 3 (asserting that if he had received the order, he could have filed a writ of mandamus "in aid of writ of habeas corpus").

### B. Dunn's claims are likely time-barred.

#### 1. Dunn became aware of his alleged injury more than two years before filing this action.

Generally, a plaintiff's § 1985 or § 1983 claim is subject to the statute of limitations governing tort claims in the state where the district court sits—here, Texas. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (discussing the statute of limitations for § 1983 claims); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) (reviewing statute of limitations for, *inter alia*, § 1985 claims). "[T]herefore, the applicable limitations period is the two years fixed by" Texas Civil Practice and Remedies Code § 16.003. *Helton*, 832 F.2d at 334. Because Dunn has filed suit in Texas, he has two years from the date he learns of facts giving rise to his claims to pursue them in federal court. *Piotrowski*, 237 F.3d at 576; *Helton*, 832 F.2d at 335.

Having determined the applicable limitations period, the Court must next decide when Dunn's claims accrued. This determination is made in accordance with federal law. *Piotrowski*, 237 F.3d at 576. "[T]he limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id.* (internal quotation marks, brackets, and citation omitted); *see Helton*, 832 F.2d at 334–35 ("Under

federal law, a cause of action accrues the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint."). "A plaintiff need not know that []he has a legal cause of action; []he need know only the facts that would ultimately support a claim." *Piotrowski*, 237 F.3d at 576.

Dunn alleges that Sucsy failed to send him a copy of a state court order on May 27 or 28, 2017. Am. Compl. 4. He further contends it was during that time that Sucsy and Judge Darnell conspired to violate his constitutional rights. *See id.* Dunn acknowledges that sometime in 2017, he learned that Sucsy had not sent him a copy of the order. Questionnaire 3. For purpose of its analysis, the Court assumes Dunn did not learn of the missing order until December 31, 2017—the day most favorable to Dunn.

This means Dunn would have needed to file his lawsuit (at the very latest) by December 31, 2019. But Dunn did not file his lawsuit until July 11, 2022 (the day he signed his original Complaint)—approximately two-and-a-half years after the limitations period ran. ECF No. 1, at 6. Thus, Dunn's claims are time-barred unless the limitations period was tolled or extended. *See, e.g., Helton*, 832 F.2d at 335–36 (affirming dismissal of plaintiff's claims, including those under § 1985, as time-barred); *Altemeier v. Dallas Cnty.*, No. 3:10–CV–2646–N–BK, 2011 WL 1938172, at *3–4 (N.D. Tex. Mar. 31, 2011) (recommending dismissal of plaintiff's §§ 1983 and 1985 claims, where plaintiff filed suit "approximately 22 months outside of the applicable limitations period"), *R. & R. adopted by* 2011 WL 1960523 (N.D. Tex. May 20, 2011).

> 2. *Dunn has not pleaded facts showing the limitations period was tolled or otherwise extended.*

The Court informed Dunn that it appeared his claims are time-barred and provided him an opportunity to explain whether he believed the period should be tolled for any reason. Dunn responded as follows: "Elaborately, the factual allegations of complaint recurred in 2022

7

regarding conspiracy to which arise out of the same transaction, occurrence, or series of transaction or occurrences of 2017 causing accrual of claims, therefore, statute of limitation should be tolled [sic all]." Questionnaire 5 (cleaned up). Liberally construed, Dunn appears to contend that there has been a continuing violation of his rights. *See id.*

"The continuing violation theory provides that where the last act alleged is part of an ongoing pattern of discrimination and occurs within the filing period, allegations concerning earlier acts are not time-barred." *McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 866 (5th Cir. 1993) (citation omitted). "The continuing violation doctrine does not," however, "apply to claims based on discrete actions, even if those actions are 'serial.'" *Rushing v. Yazoo Cnty. ex rel. Bd. of Supervisors of Yazoo Cnty.*, 861 F. App'x 553 (5th Cir. 2021) (per curiam) (citations omitted). Dunn's allegations demonstrate that the 2017 event was discrete—the purported 2022 "violations" were simply his efforts to obtain evidence to pursue the 2017 claim, i.e., to deal with its ongoing effects. Questionnaire 5 (alleging the violations "recurred" in 2022); Suppl. Questionnaire 2, ECF No. 23 (stating that the "recurrence took place on April 11th, 2022, and then again on a date after June 17th, 2022, when Dunn made attempts to purchase this particular order and money was taken without receipt of documents or copies" (cleaned up)). As such, he cannot rely on the continuing violation doctrine. *See, e.g., Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 367–70 (5th Cir. 2008) (per curiam) (affirming district court's conclusion that plaintiff's § 1985 claim was time-barred, where plaintiff "assert[ed] discrimination based on various discrete acts"); *Price v. Jefferson Cnty.*, 470 F. Supp. 2d 665, 684–85 (E.D. Tex. 2006) (rejecting plaintiff's argument that continuing violation doctrine applied to her § 1983 claims, where the alleged discriminatory employment reassignments amounted to discrete acts that were "separately actionable"); *see also McGregor*, 3 F.3d at 867 ("A plaintiff cannot use the continuing

violation theory 'to resurrect claims about discrimination concluded in the past, even though its effects persist.'" (alteration and citation omitted)). And Dunn pleads no other basis for tolling the limitations period. *See* Questionnaire 5. His claims are therefore barred by the statute of limitations and should be dismissed on that basis.

### C. Alternatively, Dunn has not pleaded facts demonstrating Sucsy violated his rights under § 1985.

Dunn maintains that Sucsy and Darnell conspired in violation of § 1985(3). *Id.* at 1; Am. Compl. 4. He also contends Sucsy obstructed justice and denied him access to the courts. Questionnaire 4; Am. Compl. 4. Section 1985(2) relates to conspiracies to obstruct justice and participate in judicial proceedings, and subpart (3) concerns conspiracies to deprive individuals equal protection. *See* 42 U.S.C. § 1985(2), (3). Thus, the undersigned considers whether Dunn has stated a claim under either subpart.

"The first part of § 1985(2) proscribes conspiracies that interfere with the administration of justice in federal court, and the second part proscribes conspiracies that interfere with the administration of justice in state court." *Gonzalez v. Gillis*, No. 21-60634, 2023 WL 3197061, at *4 (5th Cir. May 2, 2023) (quoting *Daigle v. Gulf State Utils. Co., Loc. Union No. 2286*, 794 F.2d 974, 979 (5th Cir. 1986)). And, as relevant here, "§ 1985(3) proscribes conspiracies 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" *Id.* (citation omitted). To state a viable claim under either provision, a plaintiff must show two or more individuals conspired. *Id.*; *see Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019) (setting forth elements of a § 1985(3) claim). In addition, a § 1985(3) conspiracy, as well as the second part of § 1985(2), "requires some form of class-based discrimination." *Cantú v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019); *Gonzalez*, 2023 WL 3197061, at *4 n.6; *accord Bryan v. City of Madison*,

9

213 F.3d 267, 276 (5th Cir. 2000) ("In this circuit, we require an allegation of a race-based conspiracy" under § 1985(3)).

Dunn makes the conclusory assertion that Sucsy acted with "discriminatory purposes as Dunn is African American and a pauper person." Questionnaire 3 (cleaned up). He does not, however, plead any facts in support showing that Sucsy acted *because of* Dunn's race—the only cognizable basis for a § 1985(3) claim and a § 1985(2) claim, to the extent Dunn proceeds under its second clause. *Id.*; Am. Compl. 4; *see Cantú*, 933 F.3d at 419–20 (holding plaintiff failed to state a claim under § 1985(3), where he did not allege defendants acted with racial animus, nor did he show they were motivated by reason of his "proffered class—convicted felons"); *Carroll v. City of Jefferson*, No. 2:21-CV-0392-RSP, 2022 WL 3141860, at *10 (E.D. Tex. Aug. 5, 2022) (concluding plaintiff's § 1985(2) claim failed, where he did "not plead that the [d]efendants had a racial or otherwise class-based discriminatory animus"). Moreover, Dunn pleads no facts showing Sucsy and Darnell discussed and agreed to violate Dunn's rights, despite the Court's specific inquiry on this point. *See* Questionnaire 3. This is likewise fatal to his claims. *See, e.g., Gonzalez*, 2023 WL 3197061, at *4 (explaining that plaintiff's "threadbare recital of the conspiracy element of a cause of action under § 1985(2) or (3), supported [only] by a conclusory statement that a conspiracy exists, [did] not suffice" to state a claim); *Cantú*, 933 F.3d at 420 (observing that plaintiff made "no allegation—not even a conclusory one—that [defendant] formed any kind of agreement with" others); *Aplon v. City of Jasper*, No. 1:22-CV-18, 2022 WL 17815172, at *29 (E.D. Tex. Nov. 14, 2022) (granting defendants' motion to dismiss plaintiff's § 1985(3) claim, where she did not "point to any agreement between the [d]efendants," nor did she show she "was a victim of racial or other discriminatory class-based animus"); *Spencer v. Wilson*, No. 4:18-4563, 2020 WL 822096, at *6 (S.D. Tex. Feb. 18, 2020) (dismissing plaintiffs' conspiracy claim under

§ 1985(3) because they (1) did not contend defendants were "motivated by racial animus," and (2) pleaded no facts showing defendants were motivated by plaintiffs' proffered class).

Based on the foregoing, even if Dunn's claims are not time-barred, the undersigned recommends the district judge dismiss them.

### D. To the extent Dunn intends to raise stand-alone § 1983 claims for obstruction of justice and access to courts, he cannot prevail.

Dunn also contends that Sucsy's alleged failure to send him a copy of a court order violated his right to access the courts and amounted to an obstruction of justice. Am. Compl. 4; Questionnaire 4–5. It is unclear whether Dunn asserts these allegations in connection with his § 1985 conspiracy claims, or if he intends to raise them as stand-alone § 1983 claims. Regardless, the claims are time-barred, as discussed in Section III.B above and, even if they are not, the undersigned recommends dismissal for failure to state a claim.[10]

"Obstruction of justice in federal litigation ordinarily involves federal criminal charges being filed against someone." *Prude v. Thaler*, No. 9:12cv39, 2012 WL 3564226, at *3 (E.D. Tex. Aug. 16, 2012) (citing *United States v. Ramos*, 537 F.3d 439, 460–61 (5th Cir. 2008)). Any attempt by Dunn to initiate criminal charges against Sucsy must fail, as Dunn has no constitutional right to have someone prosecuted. *See Gill v. Texas*, 153 F. App'x 261, 262–63 (5th Cir. 2005) (per curiam) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626, 635 (N.D. Tex. 2007).

---

[10] Dunn also sues Sucsy in her official capacity. Am. Compl. 1. An official capacity suit generally amounts to a suit against the entity of which the officer is an agent—e.g., a claim against an officer in her official capacity equals a claim against the county—and therefore constitutes a municipal liability claim. *See Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978). Dunn's *Monell* claim is time-barred for the reasons discussed in Section III.B. *Lander v. JPMorgan Chase Bank Nat'l Ass'n*, No. 4:21-CV-00353-ALM-CAN, 2022 WL 838376, at *5 (E.D. Tex. Feb. 24, 2022), R. & R. adopted by 2022 WL 829330 (E.D. Tex. Mar. 18, 2022). Moreover, he has failed to state an underlying constitutional violation. He therefore cannot state a cognizable policy claim. *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017) ("As is well established, every *Monell* claim requires an underlying constitutional violation." (internal quotation marks and citation omitted)).

As to his access-to-courts claim, Dunn has likewise failed to state a claim. To prevail on an access-to-courts claim, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendant's actions. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Johnson v. Rodriguez*, 110 F.3d 299, 310–11 (5th Cir. 1997). That is, Dunn must plead facts demonstrating "an actual injury arising from this purported denial." *Day v. Seiler*, 560 F. App'x 316, 319 (5th Cir. 2014) (per curiam). It is important to note, however, that "[t]he 'injury requirement is not satisfied by just any type of frustrated legal claim.'" *Foreman v. Bowles*, No. 3:01-CV-2117-G, 2003 WL 21730136, at *3 (N.D. Tex. Mar. 31, 2003) (quoting *Lewis*, 518 U.S. at 353). Instead, Dunn "must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case that attacks either his conviction or seeks to vindicate basic constitutional rights in a civil rights action under . . . § 1983." *Id.* (internal quotation marks and citation omitted).

Initially, the Court observes that Dunn pleads no facts indicating that Sucsy's conduct—to the extent Sucsy is even responsible (*see* Questionnaire 2)—amounted to intentional, as opposed to negligent, conduct. *See* Am. Compl. 4 (asserting that Sucsy acted with "Bad Intent" but pleading no facts in support); Questionnaire 2–3. On this basis alone, his access-to-courts claim should be dismissed. *Wright v. Pennington*, 176 F. App'x 579, 580 (5th Cir. 2006) (per curiam) ("Negligent conduct is not actionable under 42 U.S.C. § 1983.").

Moreover, Dunn has not demonstrated how his non-receipt of the May 2017 order hindered his ability to pursue a nonfrivolous, arguable legal claim.[11] Questionnaire 5 (alleging that the May

---

[11] This is true regardless of the order Dunn intended to appeal, because Dunn has not pleaded any facts showing he was unable to file a nonfrivolous writ of mandamus. *See* Am. Compl. 4; Questionnaire 3–5. What is more, Dunn filed a federal habeas petition in this Court asserting, among other things, that "his right to due process was violated when the regional presiding judge improperly decided his motion to recuse." *Dunn*, No. 5:17-CV-187-C, ECF No. 31, at 2. The Court denied Dunn's petition on the merits. *Id.* at 3–4. Dunn has therefore had an opportunity to litigate the denial of the motion to recuse, if that is the order about which Dunn complains.

25, 2017 order was appealable but TCCA issued a ruling before Dunn could file mandamus related to the May 25 order); *see also id.* at 3 (claiming that "[i]f [May 25] order had been received," he could have filed a writ of mandamus "in aid of writ of habeas corpus"). This failure is fatal to his claim. *See DeMarco v. Davis*, 914 F.3d 383, 387–88 (5th Cir. 2019) ("A prisoner must . . . describe the predicate claim with sufficient detail to show that it is 'arguable' and involves 'more than hope.'"); *Pickett v. Nunn*, 367 F. App'x 536, 538 (5th Cir. 2010) (per curiam) (explaining that plaintiff must "allege that his ability to pursue a 'nonfrivolous,' 'arguable' legal claim was hindered" to assert viable access-to-courts claim (quoting *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009)).

## IV. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the United States District Court dismiss Dunn's Amended Complaint with prejudice in accordance with 28 U.S.C. §§ 1915 and 1915A.

## V. Right To Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 31, 2023.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

14